# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ANDREA BRICHANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Case No. 3:12-cv-0285 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| WELLS FARGO BANK, N.A., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Pending before the court is the Motion to Dismiss Wilson & Associates, PLLC and Shellie Wallace as Defendants (Docket No. 27), to which the plaintiff has responded (Docket No. 38), and the defendants have filed a reply (Docket No. 41). For the reasons discussed herein, the defendants' motion will be granted in part and denied in part.

## BACKGROUND

The plaintiff, Andrea Brichant, signed a note and deed of trust (together, "the mortgage instruments") on March 9, 2006, encumbering real property located in Hendersonville, Tennessee ("the subject property") in favor of WMC Mortgage Corp. ("WMC").[1] The deed of trust granted

---

[1] Unless otherwise noted, the allegations are drawn from the plaintiff's First Amended Complaint (Docket No. 16) and the exhibits referenced therein, which are attached to the plaintiff's original Complaint (Docket No. 1). The court may consider such exhibits in ruling on the pending motion to dismiss. *See Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (noting that "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint" may be considered when reviewing a Rule 12(b)(6) motion to dismiss) (internal quotation marks omitted). Moreover, the defendants have raised no objections to the exhibits attached to the plaintiffs' Complaint.

1

WMC, the lender, a security interest in the subject property. It also named defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for WMC and the beneficiary under the security agreement. The trustee under the agreement was Arnold M. Weiss, an attorney residing in Shelby County, Tennessee.

On the same day, WMC sold and transferred the mortgage instruments to Morgan Stanley ABS Capital I Inc. ("Morgan Stanley"). On May 25, 2006, Morgan Stanley sold and transferred these instruments to the following mortgage-backed securities trust: "Morgan Stanley ABS Capital I Inc. Trust 2006-WMC2 ("the Trust"). The Trust is alleged to have been settled under New York law and registered with the U.S. Securities and Exchange Commission ("the SEC"). Defendant Wells Fargo Bank, N.A. ("Wells Fargo") acted as the servicer of all of the mortgage loans held by the Trust, while Deutsche Bank National Trust Company served as the trustee.

On January 29, 2007, less than one year after acquiring the mortgage instruments, the Trust filed a Form 15-15D "Notice and Certificate of Termination" with the SEC. Just over two months later, on April 2, 2007, the Trust filed its final Form 10-K Annual Report and was terminated and dissolved. According to the plaintiff, there is no evidence that the Trust sold the mortgage instruments to any other entity prior to its termination and dissolution.

The plaintiff alleges that, following these events, Wells Fargo, through its America's Servicing Company division, falsely held itself out to the plaintiff as the servicer of the mortgage instruments and wrongly sent bills for collection. Relying on Wells Fargo's allegedly false representations, the plaintiff paid several of these mortgage bills.

On approximately March 22, 2010, the defendant law firm, Wilson & Associates, PLLC ("Wilson & Associates"), through an individual named Robert Wilson, prepared an Assignment

of Deed of Trust ("the assignment") that was executed by John Kennerty on behalf of MERS. The plaintiff alleges that Kennerty was a known robosigner. It appears from the First Amended Complaint's allegations that this document assigned the deed of trust to Wells Fargo. According to the plaintiff, the assignment "does not deed any conveyance of interest in [the subject property] at law, and does not demonstrate any authority to transfer interest from the dissolved Trust." The plaintiff alleges that the assignment is forged.

On July 15, 2011, Wells Fargo appointed its attorney, defendant Shellie Wallace, as a successor trustee of the deed of trust.[2] By this date, the plaintiff had already ceased paying the allegedly wrongful bills from Wells Fargo. Following her appointment, Wallace sent the plaintiff a document entitled "Notice of Trustee's Sale," which scheduled a foreclosure sale on August 10, 2011. According to the plaintiff, this sale has since been postponed several times.

The plaintiff commenced the instant action on March 20, 2012. (Docket No. 1.) On March 29, 2012, she filed her First Amended Complaint, which asserts claims under the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692, *et seq.*, the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. § 47-18-101, *et seq.* (2001), and state common law for unjust enrichment. (Docket No. 16, at 9-15.) The plaintiff seeks both declaratory and monetary relief. (*Id.* at 6-15.) Wilson & Associates and Wallace filed the pending motion on June 1, 2012. (Docket No. 27.)

---

[2] Letters attached to the plaintiff's original Complaint identify Wallace as an attorney affiliated with Wilson & Associates. (*See* Docket No. 1, Ex. J.)

**ANALYSIS**

Wilson & Associates and Wallace seek dismissal from this case on the ground that the First Amended Complaint fails to state claims upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.    Standard of Review**

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). The court must determine whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

## II. The Defendant's Motion

Wilson and Associates and Wallace contend that their dismissal from this case is warranted pursuant to Tennessee Code Annotated Section 35-5-116 because the plaintiff failed to file a verified response to their verified denial. (Docket No. 27, Ex. 1, at 3.) In addition, both defendants contend that the plaintiff's First Amended Complaint fails to state claims for violations of the FDCPA and TCPA, unjust enrichment, and declaratory relief. (*Id.* at 6-11.) The court will address each of the defendants' contentions in turn.

### A. Tennessee Code Annotated Section 35-5-116

Tennessee Code Annotated section 35-5-116 allows any trustee named in a suit relating to a sale of real property under a trust deed or mortgage to plead, by means of a verified denial in an answer, that the trustee is not a necessary party. Tenn. Code Ann. § 35-5-116(a) (2007). The verified denial must state "the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust." (*Id.*) Within 30 days after the filing of a verified denial, "a verified response is due from all parties to the suit or proceeding setting forth all matters, whether in law or fact, that rebut the trustee's verified denial." Tenn. Code Ann. § 35-5-116(b). The statute further provides that, if a party fails to object or otherwise file a timely verified response to the verified denial, "the trustee shall be dismissed from the suit or proceeding without prejudice." Tenn. Code Ann. § 35-5-116(c).

Wilson & Associates and Wallace argue that they should be dismissed from this case because the plaintiff failed to file a verified response to their verified denial. (Docket No. 27, Ex. 1, at 3.) The court agrees in part. The record reveals that, on April 23, 2012, these two defendants jointly filed a Verified Denial and Answer, noting that the First Amended Complaint

5

lacked any allegations against either party concerning any activities outside their role as trustee. (Docket No. 22 ¶ 2.) It also reveals that no party has either objected to or otherwise timely filed any verified response to the previously filed verified denial. Accordingly, by operation of the statute, the trustee, Shellie Wallace, will be dismissed from this action without prejudice.[3]

Wilson & Associates, however, is not similarly entitled to dismissal under section 35-5-116 because it is not a named trustee. Indeed, the Amended Complaint does not identify it as a trustee of the mortgage instruments. Likewise, the document appointing Wallace as the successor trustee in her individual capacity fails to vest any trustee powers in Wilson & Associates.[4] Accordingly, the court finds Wilson & Associates' argument for dismissal pursuant to section 35-5-116 to be without merit.

In her opposition brief, the plaintiff contends that her May 2, 2012 filing of an affidavit by Terri Petit, a forensic loan auditor, constituted a timely verified response for purposes of section 35-5-116. (Docket No. 38, Ex. 1, at 2.) This contention is unavailing. First, Terri Petit is not a party to this action, and thus the affidavit plainly cannot constitute a verified response made by the plaintiff. Second, the affidavit does not even mention the verified denial, let alone attempt to rebut its assertion that the First Amended Complaint lacks any allegations concerning Wallace outside of her role as trustee. Indeed, as the affidavit is dated February 16, 2012, the court fails to see how it could constitute a response to the verified denial filed on April 23, 2012.

---

[3] Section 35-5-116 provides that the dismissal of the trustee "shall not prejudice a party's right to seek injunctive relief to prevent the trustee from proceeding with a foreclosure sale." Tenn. Code Ann. § 35-5-116(e) (2007).

[4] This document was attached as Exhibit I to the original Complaint. (*See* Docket No. 1, Ex. I.)

The plaintiff next argues that the court should nonetheless grant her leave to amend and provide her instructions on what would constitute an acceptable verified response. (Docket No. 38, Ex. 1, at 2.) As Wallace notes in her reply brief, the plaintiff essentially requests this court to issue her an advisory opinion. (Docket No. 40, at 4.) The court declines this invitation. Moreover, the statutory deadline for filing a verified response has since lapsed, making futile the plaintiff's attempts to correct her previous failure to respond.

Finally, the plaintiff contends that Wallace failed to follow statutory procedures when she demanded only that the plaintiff, as opposed to all of the parties in this action, file a verified response. (Docket No. 38, Ex. 1, at 3.) In particular, the plaintiff relies on section 35-5-116(b), which provides, in pertinent part, that "a verified response is due from all parties to the suit or proceeding." However, as Wallace notes in her reply brief, she never demanded that the plaintiff, or any other party for that matter, file a verified response. (Docket No. 40, at 4.) Nor does the statute require that she do so. Indeed, it merely provides that, once a verified denial is filed by the trustee, a verified response is due from all of the parties within 30 days. Tenn. Code Ann. § 35-5-116(b). The plaintiff's contention is without merit.

### B. Fair Debt Collection Practices Act

Wilson & Associates next contends that the First Amended Complaint fails to state a claim under the FDCPA. (Docket No. 27, Ex. 1, at 7.) Specifically, it contends that the FDCPA count is only directed at defendant Wells Fargo. (*Id.*) The court agrees. Indeed, all but one of the paragraphs comprising the FDCPA count raise allegations pertaining solely to Wells Fargo's purported debt collection activities. (*See* Docket No. 16 ¶¶ 43-58.) The single paragraph mentioning any other defendants only vaguely alleges that Wells Fargo and "other named [d]efendants' communications to the [p]laintiff falsely represented that [d]efendants Wells Fargo

7

and/or [America's Servicing Company] had standing and authority to foreclose the home." (*Id.* ¶ 48.) Apart from this allegation, the FDCPA count fails to specifically identify any activities undertaken by Wilson & Associates that violate the statute. Instead, it only alleges that Wells Fargo committed statutory violations that caused damages to the plaintiff. (Docket No. 16 ¶¶ 44, 58.)

However, even if the First Amended Complaint could be construed to allege an FDCPA claim against Wilson & Associates, that claim would nonetheless fail because the firm cannot be held liable as a debt collector. As previously mentioned, the only paragraph in the FDCPA count pertaining to defendants other than Wells Fargo states that the defendants made false representations to the plaintiff concerning Wells Fargo's standing and authority to foreclose on her home. (Docket No. 16 ¶ 48.) While the plaintiff does not say as much, to the extent this paragraph alleges a claim against Wilson & Associates, it appears to do so under 15 U.S.C. § 1692e, which generally prohibits debt collectors from making false or misleading representations. Thus, to be held liable under this section, Wilson & Associates must be a "debt collector" for purposes of the statute. The FDCPA defines a "debt collector" as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . For the purpose of section 1692f(6)[5] of this

---

[5] Section 1692f(6) prohibits a debt collector from:

> Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if –
>
> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

8

> title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6).

In the present case, the First Amended Complaint's FDCPA count is devoid of any allegation that Wilson & Associates is a debt collector under the statute. Indeed, it fails to allege that Wilson & Associates is a business whose principal purpose is to collect debts, or that it regularly collects or attempts to collect debts owed to another. Moreover, contrary to her assertions otherwise, the plaintiff does not articulate a claim under section 1692f(6), let alone allege in her FDCPA count that Wilson & Associates' principal purpose is to enforce security interests. Therefore, any conceivable FDCPA claim alleged in the First Amended Complaint against Wilson & Associates must necessarily fail.

In sum, the allegations of the First Amended Complaint, as construed by the court, fail to state a claim for relief against Wilson & Associates. Accordingly, Wilson & Associates' motion to dismiss with respect to the plaintiff's FDCPA claim will be granted.

**C. Tennessee Consumer Protection Act**

The First Amended Complaint vaguely alleges that all of the defendants engaged in unfair and deceptive acts prohibited by the TCPA when they made misrepresentations concerning the rights to the subject property. (Docket No. 16 ¶ 60.) However, the only

---

> (B) there is no present intention to take possession of the property; or
>
> (C) the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6).

misrepresentation alleged in the First Amended Complaint concerning Wilson & Associates is that it falsely represented to the plaintiff that Wells Fargo possessed standing and authority to foreclose on the plaintiff's home. (*Id.* ¶ 48.) In its motion, Wilson & Associates contends that the plaintiff has failed to state a claim under the TCPA. (Docket No. 27, Ex. 1, at 10-11.)

To state a claim under the Act, the plaintiff must allege: "(1) that the defendant engaged in an unfair or deceptive act or practice declared unlawful by the TCPA[;] and (2) that the defendant's conduct caused an 'ascertainable loss of money or property.'" *Tucker v. Sierra Builders*, 180 S.W.3d 109, 115 (Tenn. Ct. App. 2005) (quoting Tenn. Code Ann. § 47-18-109(a)(1)). While the First Amended Complaint broadly alleges that Wilson & Associates made false representations to the plaintiff concerning Wells Fargo's standing and authority to foreclose on the subject property, it lacks any allegation that the plaintiff suffered an ascertainable loss of money or property as a result of such conduct. Indeed, in her TCPA count, the plaintiff only alleges that she suffered an ascertainable loss at the hands of Wells Fargo, as she made payments to the bank in reliance on its purported representations that it owned the plaintiff's mortgage loan. (Docket No. 16 ¶ 61.) Accordingly, the plaintiff's TCPA claim against Wilson & Associates will be dismissed.

### D. Unjust Enrichment

In Tennessee, the elements of an unjust enrichment claim are: (1) "[a] benefit conferred upon the defendant by the plaintiff; 2) appreciation by the defendant of such benefit; and 3) acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof." *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005) (internal quotation marks and citation omitted).

Wilson & Associates contends that the First Amended Complaint fails to state a claim for unjust enrichment because the plaintiff fails to allege that she conferred any benefit upon it. (Docket No. 27, Ex.1, at 7.) The court finds this argument well taken. The Amended Complaint only alleges that the plaintiff made mortgage payments to Wells Fargo in justifiable reliance on its false representations. (Docket No. 16 ¶ 36.) These payments are the only benefits alleged to have been unjustly obtained by any of the defendants. Accordingly, because the First Amended Complaint fails to identify any benefit conferred by the plaintiff upon Wilson & Associates, her unjust enrichment claim against this defendant must be dismissed.

E.     **Declaratory Relief**

Finally, Wilson & Associates seeks dismissal of the plaintiff's count requesting declaratory relief. In this count, the plaintiff requests the court to declare that none of the defendants possesses legal ownership or equitable interest in the mortgage instruments. (Docket No. 16 ¶ 34.) Wilson & Associates asserts that the plaintiff cannot obtain declaratory relief against it because it does not claim any interest in the subject property outside of acting as the successor trustee under the deed of trust. (Docket No. 27, Ex. 1, at 6.) The court, however, has already concluded that Wilson & Associates was not named as a successor trustee or otherwise granted any trustee powers in the instrument appointing Wallace. Given these circumstances, as well as the fact that it has dismissed each of the plaintiff's substantive claims against Wilson & Associates, the court finds that there is no discernible controversy remaining between the two parties. Accordingly, the plaintiff's request for declaratory relief against this defendant will be dismissed as moot.

**CONCLUSION**

For all of the reasons discussed herein, the Motion to Dismiss Wilson & Associates, PLLC and Shellie Wallace as Defendants (Docket No. 27) will be **GRANTED**.

An appropriate order will enter.

ALETA A. TRAUGER
United States District Judge